IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO.  2:07cr93-MHT |
| ) | |
| CHARLES EDWARD JONES, II ) | |
| ) | |

PLEA AGREEMENT

DEFENSE COUNSEL:           KEVIN BUTLER

ASSISTANT U.S. ATTORNEY:   CHRISTA D. DEEGAN

COUNTS AND STATUTES CHARGED:

Count 1:      21 U.S.C. §841(a)(1)
              Possession with intent to distribute narcotics

COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1:      21 U.S.C. §841(a)(1)

MAXIMUM PENALTY:

21 U.S.C. §841(a)(1): Possession with intent to distribute cocaine

Sentence: A term of imprisonment which may not be less than 5 years to a maximum term of 40 years imprisonment; a fine of not more than $2,000,000, or both; a term of supervised release of not less than 3 years and a special assessment fee of $100.

ELEMENTS OF THE OFFENSE

Count 1   21 U.S.C. §841(a)(1)
          1. That the defendant knowingly and intentionally possessed with intent to distribute a controlled substance as charged in the indictment.

*****************************************************************

Christa D. Deegan, Assistant United States Attorney, and Kevin Butler, Attorney for the Defendant, pursuant to Rule 11(c)(1) Federal Rules of Criminal Procedure, have, with the authorization of the undersigned Defendant, heretofore entered into discussions

with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.

1. Upon entering a plea of guilty by the Defendant to the offense charged in Count 1 of the Indictment, the parties agree:

    a. The Government will attribute 511.9 grams of cocaine to the Defendant as relevant conduct under U.S.S.G. §2D1.1.

    b. The parties recognize that the Defendant may qualify as a career offender pursuant to USSG §4B1.1. If the Defendant is found by the Court to qualify as a career offender, the parties agree that the Defendant's base offense level will be 34. [§4B1.1(b)(B)]. The parties agree that in all cases, a career offender's criminal history category is VI.

    Absent a career offender finding by the Court, the parties agree that based upon the amount of drugs attributed to the Defendant that his base offense level will be 26 plus two (2) levels for reckless endangerment during flight pursuant to §3C1.2, resulting in an adjusted base level offense of 28.

    c. Both parties reserve the right to present argument to the Court at the time of sentencing regarding whether the Defendant qualifies as and is punishable as a career offender. If the Defendant is found to be a career offender, the United States will recommend that the Defendant be sentenced at the low end of the applicable guideline range. Absent a career offender finding, both parties reserve the right of allocution at sentencing.

d. The Government will agree to recommend at the time of sentencing that the Defendant receive a three (3) level reduction in the applicable offense level pursuant to U.S.S.G. §3E1.1(a) for the Defendant's acceptance of responsibility, so long as the Defendant does not obstruct justice or otherwise fail to accept responsibility as contemplated by the U.S.S.G. for the offense conduct.

<u>DEFENDANT'S PROVISIONS</u>

1. The Defendant agrees to the following:

   a. To plead guilty to Count 1 of the Indictment.

   b. Not to commit any other federal, state, or local offense while awaiting sentencing, whether that offense is charged, or is chargeable, or not. Such criminal activity would include, but is not limited to: any attempt to continue Defendant's drug dealing operations, witness tampering, and/or facilitation of any other criminal activity. Determination of whether Defendant's conduct is a violation of this provision is at the sole discretion of the Government.

   c. The defendant agrees to fully cooperate, in this case and any other case indicted as a result of his cooperation, with attorneys for the United States of America and the States of Alabama and Florida; federal, state, and local investigative agencies; and federal and state grand juries, by providing complete and truthful information and testimony, if required, concerning unlawful activities of any kind of which the defendant is aware.

3

d. The defendant further understands that in the event he, during any criminal proceeding, commits perjury, suborns perjury, or obstructs justice, nothing in this agreement precludes the United States from prosecuting him fully for those crimes and from using any of his sworn or unsworn statements against him in such prosecutions.

e. In consideration of the foregoing promises, the Government agrees that any statement made or testimony given in accordance with this plea agreement shall not be used against the defendant in any proceedings save for possible perjury or obstruction of justice charges.

f. In the event the defendant fully cooperates with the Government, as set forth herein, the Government, at the time of sentencing, will motion the Court to reduce the Defendant's adjusted base offense level by at least two (2) points for any substantial assistance provided to law enforcement authorities pursuant to §5K1.1 and 18 U.S.C. §3553. The parties agree that the decision to motion the Court for a substantial assistance reduction and the extent of said requested reduction will be at the sole discretion of the Government.

g. The defendant understands that in the event he does not fully cooperate as set forth herein, the Government is released from its obligations under this agreement, including the recommendation to reduce the Defendant's offense level for

substantial assistance, and the Defendant will have no right to withdraw his guilty plea to the indictment.

## FACTUAL BASIS

The Defendant admits the allegations charged in the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to the charges in the Indictment. Specifically, the Defendant admits the following to be true and correct:

On April 8, 2007, the Defendant possessed with intent to distribute approximately 511.9 grams of cocaine in Montgomery, Alabama. The Defendant further states that after being signaled to stop by law enforcement that he continued driving at a rate of between 55 and 60 miles per hour for several miles until his vehicle was struck from behind by law enforcement.

## APPEAL RIGHTS AND COLLATERAL ATTACK

Understanding that 18 U.S.C. §3742 provides for appeal by a Defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. §3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.

Notwithstanding the above, the Defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. §4A1.3 (from criminal history category) or §5K2.O (from offense level). The Defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

Further, the Defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal Defendant's sentence, directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional, on the grounds that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt, and on any other ground, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the other law apart from the sentencing guidelines; provided, however, that if the Government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §3742, then except for the waiver of appeal on the ground that the sentencing guidelines are in any respect unconstitutional and on the grounds that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by

the Defendant, found by a jury, or found beyond a reasonable doubt, the waiver of which will remain in force, the Defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. §3742(a).

The Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b).

<u>DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT</u>

1. The Defendant, before entering a plea of guilty to the Indictment, as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the Government and the Attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

    b. The Defendant further understands that, pursuant to 18 U.S.C. §3013, said $100.00 assessment fee for each charge is to be paid by the Defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the Defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and

7

complete a written personal financial statement setting forth the Defendant's assets and liabilities as of the date of the offense. The Defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The Defendant further understands that by completing the financial statement, the Defendant is representing that it is true and accurate to the best of the Defendant's information, knowledge, and belief.

  c. The Defendant understands that the Defendant has a right to be represented by an attorney at every stage of the proceedings against the Defendant herein and is represented by the Defendant's undersigned attorney.

  d. The Defendant understands that the Defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the Defendant, the right to call witnesses in the Defendant's own behalf, and the right not to be compelled to incriminate the Defendant, and that if the Defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the Defendant waives the right to a trial by jury or to a trial before the Court.

  e. The Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that

if the Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

       f. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant as a result thereof is voluntary on the Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

       g. The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement is as set forth in this document.

       h. The Defendant further understands that the Government can only make a recommendation, which is not binding upon the Court. However, if the Court does not accept the Plea Agreement, the Defendant may withdraw his guilty plea, if he so chooses.

       i. The Defendant further advises the Court that the Defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime

9

charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the court record, and in the presence of counsel.

j. The Defendant further understands that if the Defendant has failed or should fail in any way to fulfill completely the Defendant's obligations under this agreement, including, but not limited to, committing any new state or federal criminal offense while awaiting sentencing, then the Government will be released from its commitment to honor all of its obligations to the Defendant without the Defendant being able to withdraw his guilty plea. The determination of whether the Defendant has breached this plea agreement by failing to fulfill the Defendant's obligations herein, will be at the sole discretion of the Government.

k. The Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

2. The undersigned attorneys for the Government and for the Defendant represent to the court that the foregoing Plea Agreement

is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the Defendant further advises the Court that the Defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the Defendant has been advised of the Defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the Defendant and the right not to be compelled to incriminate the Defendant; and that if the Defendant pleads guilty, there will not be a further trial of any kind. Further, the Defendant has been advised that if the Defendant pleads guilty, the Court may ask questions about the offense to which the Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the Defendant in a civil or criminal proceeding, but that the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

    3. The Defendant understands that the U.S. Probation Office will prepare a pre-sentence investigation report for the Court. The Probation Officer will consider the Defendant's conduct related to

the offense to which the plea is offered, as well as the Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by Defendant's counsel or the U.S. Attorney.

This 10th day of September, 2007.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christa D. Deegan
Christa D. Deegan
Assistant U.S. Attorney
U.S. Attorney's Office
Post Office Box 197
Montgomery, Alabama 36101-0197
Phone: 334-223-7280
Fax: 334-223-7138

/s/ Louis Franklin
Louis V. Franklin, Sr.
Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
CHARLES EDWARD JONES, II
Defendant

9/10/07
_____
Date

_____
KEVIN BUTLER
Attorney for the Defendant

9/10/07
_____
Date